UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 MAR 13 PM 2:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| BOBBY W. KENNEDY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV-99-S-3452-NE |
| DANIEL S. GOLDIN, ADMINISTRATOR, NASA; and THE NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, | ) |
| Defendants. | ) |

ENTERED
MAR 1 3 2000

### MEMORANDUM OPINION

This action is before the court on the motion to dismiss filed by defendant National Aeronautics and Space Administration ("NASA") (doc. no. 5). Plaintiff, proceeding *pro se*, filed a "motion in objection" to NASA's motion, which the court construes as a response. For the reasons stated below, the court finds that NASA's motion is due to be granted.

### I. FACTUAL BACKGROUND

Plaintiff, an employee of NASA, initiated the present action, alleging claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b)(8). Generally, plaintiff alleges that he has been discriminated against

on the basis of "Age, Handicap, Sex, Color, Race, Religion, Retaliation, fraud and harassment." (Plaintiff's complaint at 2.) NASA now moves to dismiss all claims asserted against it in the complaint, arguing that the proper defendant in a Federal sector employment discrimination case is the head of the agency, and not the agency itself.

## II. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief can be accorded plaintiffs under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). The threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss thus are "exceedingly low." *Williams v. City of Montgomery*, 21 F. Supp. 2d 1360, 1363 (M.D. Ala. 1998).

## III. DISCUSSION

A federal employee may sue the United States for alleged

2

workplace discrimination, but the only proper defendant in such a suit is the head of the agency. *See Canino v. United States Equal Employment Opportunity Commission*, 707 F.2d 468, 472 (11th Cir. 1983) (Title VII); *Newbold v. United States Postal Service*, 614 F.2d 46, 47 (5th Cir. 1980) (Title VII)[1]; *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1200 (9th Cir. 1989) (ADEA); *Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986) (ADEA).

Here, however, plaintiff has sued both the head of the agency and the agency itself. Such pleading is duplicative, as plaintiff essentially has sued the same entity twice. To leave both entities as named defendants would require repetitive efforts and could result in a double recovery against the United States. Accordingly, NASA is due to be dismissed as a defendant in this action.

Moreover, the court also determines *sua sponte* that plaintiff's claims bottomed upon 42 U.S.C. § 1983 must be rejected as to defendant Goldin. Under Section 1983, only "persons" may be sued for deprivation of civil rights. The United States and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

3

federal agencies are not "persons" within the meaning of the statute. *See Hoffman v. United States Department of Housing and Urban Development*, 519 F.2d 1160, 1165 (5th Cir. 1975); *see also Hindes v. Federal Deposit Insurance Corporation*, 137 F.3d 148, 158-59 (3rd Cir. 1998). Accordingly, the court *sua sponte* finds that plaintiff's § 1983 claim is due to be dismissed.

## IV. CONCLUSION

Based on the foregoing, the court concludes that NASA's motion to dismiss is due to be granted, and all claims asserted against it are due to be dismissed. Additionally, the court *sua sponte* concludes that plaintiff's section 1983 claim asserted against defendant Goldin is due to be dismissed. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 13th day of March, 2000.

_____
United States District Judge

4