IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 MAY 29 PM 2:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

BOBBY WAYNE KENNEDY, }
}
    Plaintiff, }
}
v. }    CASE NO. CV-99-BE-3452-NE
}
DANIEL S. GOLDIN, }
Administrator, National Aeronautics }
and Space Administration, }
} ENTERED
    Defendant. }
MAY 29 2002

## MEMORANDUM OPINION

    Mr. Kennedy is a *pro se* litigant who has filed three similar suits prior to this one in this court. In all four cases, CV-94-N-0016-M, CV-95-S-3323-M, CV-97-S-3118-M, and the present case, Mr. Kennedy alleged, among other things, discrimination on the basis of sex, religion, age, race, and handicap, as well as retaliation for filing EEO claims. By Order dated February 25, 2002, this court ordered Mr. Kennedy to file an amended complaint to dismiss claims that were previously adjudicated by other members of this bench, specifically claims relating to 42 U.S.C. § 1983 and § 1985, and to eliminate claims that Mr. Kennedy could not, in good faith, prove (i.e. claims for religious discrimination). Although Mr. Kennedy did amend his complaint, the court still had a difficult time determining what exactly was plead but took great pains to do so because Mr. Kennedy was proceeding *pro se*.[1] However, the court does note that Mr. Kennedy is more aware of the Rules of Civil Procedure than the average *pro se* litigant as he has now filed four

---

[1] On May 20, 2002 Attorney John Benn filed a Notice of Appearance on Mr. Kennedy's behalf.

lawsuits in this court and appealed three of them to the United States Court of Appeals for the Eleventh Circuit.

This case comes before the court on the Defendant's Motion for Summary Judgment (docket #31). Although the Plaintiff amended his complaint and substantially narrowed his claims in response to the court's order of February 25, 2002, the court still finds difficulty in determining what causes of action are involved in each count of the complaint, as noted above. In an attempt to aid in understanding the complaint, the court has characterized the claims in the following ways: claims involving denial of lateral reassignments; claims involving denial of EEO Manager promotion; claims involving the seven-day suspension imposed by the Merit Systems Protection Board; claims involving two unspecified and unannounced branch chief positions; claims involving class complaints; claims involving "whistleblower" complaint; claims involving handicap discrimination; and claims involving retaliation. At the hearing on the Motion for Summary Judgment, plaintiff agreed with this categorization of his claims.

The court has reviewed everything submitted in support of and in opposition to the Motion for Summary Judgment. Additionally, the court held a hearing on April 08, 2002, at which time the court walked through each and every allegation of the plaintiff's complaint with plaintiff and defense counsel. Although the dispositive motions in this case were under submission prior to the hearing, the court took a very liberal view of anything the plaintiff wanted to submit or say at the hearing. The plaintiff was also given additional opportunity to bring admissible evidence to the court's attention that would support his claims or refute the defendant's claims. Subsequent to the hearing and the court's oral rulings, defendant filed "Defendant's Submission Addressing Issues Raised At Motion Hearing And Pretrial

Conference" to which plaintiff responded with "Plaintiff's Opposition To Defendant's Submission Addressing Issues Raised At Motion Hearing And Pretrial Conference." Having considered all of the submissions and the arguments set forth at the hearing, the court hereby **GRANTS** the defendant's Motion for Summary Judgment in its entirety for the reasons stated on the Record and supplemented here.

### A.   Summary Judgment Standard

In a motion for summary judgment, the burden rests on the moving party to establish that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 471 U.S. 317, 322 (1986). The court must also consider the facts in the light most favorable to the non-moving party. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). The court thoroughly searched the record and gave due consideration to plaintiff's statements in an effort to find evidence sufficient to support any of Mr. Kennedy's claims. Because Mr. Kennedy is a *pro se* litigant, the court took extreme caution to give Mr. Kennedy a great deal of latitude and construe the facts in his favor. However, giving due consideration to plaintiff's submissions and the record as a whole, the court finds no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

Mr. Kennedy has worked at NASA since October 1960. (Def's Br. 4). During his employment with NASA, Mr. Kennedy has sought hundreds of positions, nineteen of which are at issue here, and filed at least seventy-three EEO complaints. Mr. Kennedy also filed three lawsuits similar to this one in 1994, 1995, and 1997. (Def.'s Br. 4). Plaintiff claims race, sex, and age discrimination without knowing the race, sex, or age of most of the people who received

3

the positions he sought.

Because this case is one alleging employment discrimination, Mr. Kennedy bears the burden of establishing a prima facie case of discrimination. *See St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2747 (1993). If Mr. Kennedy were able to establish a prima facie case, then the court would presume that NASA discriminated against Mr. Kennedy. NASA would then have to respond with a legitimate, nondiscriminatory reason for not transferring or promoting Mr. Kennedy. *See Hicks*, 113 S. Ct. at 2747. Once NASA has offered a legitimate, nondiscriminatory reason for its decision, Mr. Kennedy may only prevail if he is able to prove that NASA's reason was a pretext for discrimination. *See Id*.

In an employment discrimination action, summary judgment is appropriate where either the plaintiff is unable to establish a prima facie case, or the plaintiff is unable to present sufficient evidence to show that the defendant's legitimate, nondiscriminatory reasons are mere pretext for discrimination. *See Holifield v. Reno*, 115 F.3d 1555 (11th Cir. 1997); *Grigsby v. Reynolds Metal Co.*, 821 F.2d 590 (11th Cir. 1987). The defendant offered abundant admissible evidence of nondiscriminatory reasons for not transferring the plaintiff into the positions that he sought and for the seven-day suspension imposed by the MSPB Board. Because "federal courts do not sit as a super-personnel department that reexamines an entity's business decisions," the court will not second guess NASA's decisions absent a showing by the plaintiff that its reasons are pretext. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). In opposition, plaintiff offered primarily his own subjective evaluation that he was better qualified than the other applicants and that he was qualified for any position at NASA. However, the plaintiff's subjective view is not enough. *Holifield* 115 F.3d at 1564; *Goldberg v. B. Green & Co.*, 836

4

F.2d 845, 848 (4th Cir. 1988).

### B. Claims Involving Denial of Lateral Reassignments

Plaintiff asserted claims for sex, race and age discrimination based upon the six lateral reassignments that he did not receive.[2] The plaintiff could not establish a prima facie case of sex, race, or age discrimination with regard to lateral reassignments 97-62-CL, 97-64-CL, 98-93-DC and 98-96-CP as each of those positions were filled by males and the plaintiff had no admissible evidence to prove the employees' race or age. Therefore, the plaintiff's claims as to those positions are dismissed because plaintiff failed to establish a prima facie case.

Plaintiff established a prima facie case of sex discrimination in lateral reassignments 97-78-CP and 97-73-CL as females filled those positions; however, plaintiff failed to show that defendant's reasons for not reassigning plaintiff were pretext for discrimination. Although plaintiff could not establish the ages of the people selected in each of these reassignments, even assuming that the employees who filled the positions were younger than the plaintiff, so as to establish a prima facie case for age discrimination, the plaintiff failed to show that the defendant's reasons for not reassigning him were pretext. In fact, the defendant proffered extensive admissible evidence as to the capabilities and qualifications of the persons who were hired for these positions. For these and the other reasons stated on the Record, summary judgment is due to be granted on the plaintiff's claims based upon the lateral reassignments.

### C. Claims Involving Denial of EEO Manager Promotion

The plaintiff also asserted a discrimination claim for his failure to receive a promotion to

---

[2] Plaintiff's original Complaint asserted seventeen claims of discrimination based upon lateral reassignments that he did not receive. However, plaintiff narrowed his claims in response to the court's Order of February 25, 2002.

the EEO Management position.[3] Contrary to the plaintiff's belief that the filing of seventy-three EEO complaints makes one qualified to manage the EEO office, the court finds that plaintiff's record of EEO complaints in itself demonstrates that he would not be the best person for this job. Further, the court finds that many valid subjective considerations exist for failing to promote an employee to manager of the EEO office. Defendant offered substantial admissible evidence regarding the qualification of the applicants and the reasons for not hiring Mr. Kennedy, including but not limited to, the fact that he told the interviewing panel that he would file yet another EEO complaint if he did not receive the promotion. Mr. Kennedy failed to prove pretext to any of those subjective considerations. Summary judgment is, therefore, due to be granted as to plaintiff's claims of discrimination based upon failure to promote.

### D. Claims Involving the Seven Day Suspension Imposed by the Merit Systems Protection Board

As for plaintiff's claims of discrimination based upon the seven-day suspension he received for falsifying information to the MSPB Board, the court finds that the plaintiff has presented no evidence that the suspension was in retaliation for filing a claim with OSHA. The decision to suspend the plaintiff was made by an impartial fact finder after a hearing on the matter. For these reasons and for others stated on the Record, the court will grant summary judgment as it pertains to Mr. Kennedy's claims based on the seven day suspension.

### E. Claims Involving Two Unspecified and Unannounced Branch Chief Positions

---

[3] Mr. Kennedy asserted claims of discrimination on the basis of race, sex, age, and handicap. The person selected for the position was a black male over forty with no handicap. Mr. Kennedy, therefore, established a prima facie case of race discrimination. However, Mr. Kennedy failed to show that NASA's reasons for not transferring him were pretext for discrimination.

6

Mr. Kennedy alleged that he was discriminated against because NASA filled two unannounced positions. However, Mr. Kennedy failed to exhaust his administrative remedies as to these claims because he failed to comply with NASA Headquarters EEO Program. On February 23, 1999 the EEO program wrote Mr. Kennedy requesting specific information relating to those claims. Because Mr. Kennedy failed to supply the agency with the required information (i.e. the positions he alleged were filled noncompetitively, date of placement, names of responsible parties, and date Mr. Kennedy became aware of the noncompetitive placement), the Agency dismissed the claims.[4]

In *Crawford v. Babbitt*, the Eleventh Circuit affirmed the dismissal of plaintiff's claims because she failed to exhaust her administrative remedies by not complying with the EEO Agency's request for relevant information. *Crawford v. Babbitt,* 186 F.3d 1322, 1326-27 (11th Cir. 1999). Because Mr. Kennedy failed to exhaust his administrative remedies, thereby depriving the agency of the ability to investigate the claims, summary judgment is due to be granted as to those claims.

F.  **Claims Involving Class Complaint**

The Motion for Summary Judgment is also due to be granted as to plaintiff's class complaint. Plaintiff has failed to show that he has met any of the requirements necessary for a class action, particularly the requirement that the class be represented by adequate counsel.

---

[4] The Agency's letter gave plaintiff a deadline of fifteen days from the date of receipt of the letter to respond and advised Mr. Kennedy that his claims would be dismissed if he failed to respond. HE filed no response, but instead filed suit.

G.   Claims Involving "Whistleblower" Complaint [5]

At the hearing, the court reserved ruling on plaintiff's whistleblower claims to give the plaintiff the opportunity to submit any evidence showing that this case is in fact a "mixed case" and properly before this court. A "mixed case" is one based both on an adverse employment action appealable to the Merit Systems Protection Board (in this case, the seven day suspension) and a discrimination claim arising from the adverse employment action. All appeals of final orders of the MSPB must be filed in the United States Court of Appeals for the Federal Circuit, except for claims alleging prohibited discrimination. 5 U.S.C. § 7703(b)(2). Jurisdiction over "mixed cases," those involving adverse employment action and discrimination, lies with the United States District Court **if** the action appealed is a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of thirty days or less. 5 U.S.C. § 7512. Although plaintiff submitted a supplemental response at the court's request, the response failed to show how plaintiff's claims relating to his seven-day suspension fit into the mixed case framework. For this reason and the reasons stated on the Record, the court must dismiss the whistleblower claims as they are not properly before this court.

H.   Claims Involving Handicap Discrimination

The plaintiff also asserted a discrimination claim on the basis of handicap as to the lateral reassignments, the EEO Manager promotion, and the two unspecified and unannounced branch

---

[5] Mr. Kennedy's same whistleblower claims were previously dismissed by Judge Smith in CV-97-S-3118-M. Judge Smith ruled on August 17, 1998 that this court was without jurisdiction to rule on the whistleblower claims. Additionally, Judge Smith sanctioned the plaintiff for refusing to drop the allegations. Although Mr. Kennedy has still neglected to drop the allegations, the court exercises its discretion not to sanction plaintiff in view of the granting of summary judgment as to plaintiff's complaint.

chief positions. Because NASA is a federal agency, these claims are governed by the Rehabilitation Act of 1973. 29 U.S.C. §§ 701-96i. For plaintiff to prove that he was discriminated against because of a handicap, he must show that he

> (1) has a physical or mental impairment that substantially limits one or more of [his] major life activities,
> (2) has a record of such an impairment, or
> (3) is regarded as having as having such an impairment.

See 29 U.S.C. § 706(8)(B). Plaintiff claims that he is disabled due to diabetes and obesity. Because neither obesity nor diabetes limit a major life activity, neither constitutes a handicap. See *Toyota Motor Mfg., Kentucky Inc. v. Williams*, 122 S. Ct. 681, 684-85 (2002). Plaintiff failed to meet the requirements to prove that he was discriminated against on the basis of handicap. Specifically, plaintiff made no request of accommodation; indeed, no accommodation was needed. Therefore, summary judgment is due to be granted as to plaintiff's discrimination claims as to all positions on the basis of handicap.

### I.     Claims Involving Retaliation

The only remaining claims are based upon retaliation. The court declined to rule on the retaliation claims at the April 08, 2002 hearing. Since that time, the court has seriously considered those claims and the arguments before the court from both parties including supplemental submissions. The court now concludes that summary judgment is proper as to those claims as well.

Section 704(a) of Title VII protects employees from being discriminated against because they have, among other things, filed a charge with the EEOC. Section 704 (a) provides, in pertinent part, that "it shall be an unlawful employment practice for an employer to discriminate

9

against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing . . . " 42 U.S.C. § 2000e-3(a). For Mr. Kennedy to establish a violation of section 704 (a), he must show:

> (1) that he engaged in a statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is some causal relationship between the two events.

*EEOC v. Reichhold Chems., Inc.*, 988 F.2d 1564, 1571 (11th Cir. 1993).

To prove retaliation, Mr. Kennedy "need not prove the underlying claim of discrimination which led to [his] protest; 'however, the plaintiff must have had a reasonable good faith belief that the discrimination existed.'" *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997) (quoting *Tipton v. Canadian Imperial Bank of Commerce,* 872 F.2d 1491, 1494 (11th Cir. 1989)). The causal link requirement is also a lax one - - Mr. Kennedy only has to show his EEOC filings and the adverse employment action are not wholly unrelated; at the very least, Mr. Kennedy must show that NASA was aware of his EEOC filings when it made promotion and/or transfer decisions. *Id.* at 1566. If Mr. Kennedy is able to set forth a prima facie case, then the defendant must respond with a "legitimate, nondiscriminatory reason for the adverse employment action." *E.E.O.C. v. Reichhold Chemicals, Inc.,* 988 F.2d 1564, 1571-72 (11th Cir. 1993). If NASA is able to set forth legitimate, nondiscriminatory reasons for its actions or inactions, then the burden shifts back to Mr. Kennedy to show that NASA's reasons are pretext. *See Holifield* 115 F.3d at 1566.

The court has no doubt that Mr. Kennedy engaged in statutorily protected action as he filed at least seventy-three EEO complaints. Mr. Kennedy clearly perceives the failure to transfer

and/or promote him as an adverse employment action,[6] so the final element necessary for establishing a prima facie case of retaliation is causal connection. NASA no doubt had notice of the plentitude of EEO complaints that Mr. Kennedy filed. Because so many were filed, the court will assume that NASA was aware of at least one of the filings at the time it made decisions adverse to Mr. Kennedy's employment. Therefore, the court presumes that Mr. Kennedy has established a prima facie case of retaliation.

The burden then shifts to NASA to offer "legitimate, nondiscriminatory reasons" for its decisions not to promote and/or transfer Mr. Kennedy. As stated on the Record, NASA offered an abundance of admissible evidence of nondiscriminatory reasons for not transferring or promoting Mr. Kennedy. In response to NASA's abundant evidence, Mr. Kennedy offered nothing more than his own subjective belief that he ought to have received the transfers and promotions he sought. While Mr. Kennedy's belief might be a good faith belief that he has been discriminated against, his subjective belief or opinion, without more, is insufficient to defeat summary judgment. *Holifield,* 115 F.3d at 1564. Therefore, Mr. Kennedy failed to show that NASA's legitimate reasons for not transferring or promoting him were a mere pretext for retaliation. Summary judgment is due to be granted as to the retaliation claims.

## Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment is due to be granted in its entirety. An Order consistent with this Memorandum Opinion shall be entered contemporaneously herewith.

---

[6] Mr. Kennedy did not receive the promotions and/or transfers that he sought; however, he was never demoted. The record evidence shows that Mr. Kennedy was a level GS-14 employee at NASA. The only higher levels are GS-15 and Senior Executive Service.

**DONE** this 29th day of May, 2002.

_Karon O. Bowdre_
KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE